BOARD OF LEVEE COMMISSIONERS OF YAZOO-MISSISSIPPI DELTA
*v.* JAMES LEE.

1. EMINENT DOMAIN.   *Levee damages.*
    A judgment for damages for land taken and damaged for levee
    purposes will not be disturbed on the ground that it is excessive,
    when a judgment for a much larger sum might have been given
    under the evidence.

2. SAME.   *Harmless error.*
    The fact that one witness who testified favorably for the defendant
    was incompetent affords no ground for setting aside a judgment
    awarding defendant a certain sum as damages on condemnation
    of his land for levee purposes, when the judgment is fully sus-
    tained by competent evidence.

3. SAME.   *Evidence. Use to which land is applied. Steamboat landing.*
    Evidence of the value of the land in question as a steamboat land-
    ing is competent in a proceeding to condemn land for levee
    purposes.

FROM the circuit court of, first district, Coahoma county.

HON. EARL BREWER, Special Judge.

Condemnation proceedings by the board of levee commission-
ers of the Yazoo-Mississippi Delta against James Lee. From
the judgment rendered by the circuit court petitioner appealed
to the supreme court.

The appraisers to assess levee damages for Coahoma county
made an award of $500 in favor of appellee, and from that
award both parties appealed to the circuit court, and from a
verdict and judgment for appellee for $660 for the land, and
damages to land not taken, $275, and $239.20 interest, aggre-
gating $1,174.90, this appeal is prosecuted by appellant. The
evidence showed that the land taken was a narrow strip lying
adjacent to and parallel with the line of the existing levee, ex-
tending in a north and south direction. Appellee was the
owner of another strip of land, lying between the land appro-

priated and the river front, and fronting on the river, and a portion of this land was used by appellee as a steamboat landing, and a warehouse was erected thereon for the purpose of storing freight. Appellee owned three or four acres, which were not taken; and defendant was permitted, over objections of plaintiff, to prove that the strip of land taken had a special value because appellee was operating a steamboat landing on the part not taken. T. F. Logan testified that the land taken was worth $800 per acre, and the damage done to the land not taken was $1,200 to $1,500 as the borrow pits dug in the land taken were deep, and caused the land to cave into the river. A. T. Jones testified that the landing was a fairly good one, and there was no landing place north of the Lee Line Landing for three miles, and none south, except the Kate Adams Landing, for five miles. J. L. Williams, a witness for appellee, was permitted to testify as to what, in his opinion, the value of the land was, considered as a steamboat landing. This evidence was objected to because Mr. Williams did not pretend that he was an expert or that he was ever engaged in the business of steamboat landing keeper, but was a farmer, living away from the river front.

*D. A. Scott,* for the appellant.

Filed a brief on the facts, discussing the questions decided in the opinion of the court.

*J. A. Glover,* for the appellee.

Filed a brief on the points disclosed by the court's opinion, and cited the following authorities: *Boom Co.* v. *Patterson,* 98 U. S. (L. ed.), 208; *In re Furnham* v. *St. Brooklyn,* 17 Wendel (N. Y.), 670; *Brown* v. *Railroad Co.,* 64 Miss., 479; 6 Am. & Eng. Ency. Law (1st ed.), 618, 622; 14 *Ib.,* 256; 10 *Ib.* (2d ed.), 1170; *Richardson & May* v. *Levee Board,* 68 Miss., 539; *Dillard & Coffin* v. *Levee Board,* 76 *Ib.,* 641.

WHITFIELD, C. J., delivered the opinion of the court.

It was competent to receive evidence showing the special value of the land as a steamboat landing, and there were at least two witnesses who were experts on this subject—T. F. Logan, who has been in the wharf-boat business for about thirty-five years as a steamboat landing keeper, and for eight or ten years in the employ of Capt. Lee himself; the other witness, Arthur T. Jones, has been a pilot on the Mississippi river for twelve years. The testimony of these witnesses, and of other witnesses besides Williams, overwhelmingly establishes the plaintiff's case. According to the testimony of Mr. Logan the damage might have amounted to $3,420. It is unnecessary to go into details showing the borrow pits to be eleven feet deep, and that no other steamboat landing, except that of the James Lee and the Kate Adams, existed for miles on the Mississippi river; as to having to ferry the freight across the borrow pits from the landing; and as to the seeping of the water from the borrow pits, causing the caving of the banks next to the river, etc. The verdict of the jury is for less than half of what it might have been, according to the competent testimony. If the testimony of Williams was incompetent, no other result could reasonably have followed. We think the testimony makes it perfectly plain that the land taken should be treated as a part of the land needed for the appropriate and necessary uses of a steamboat landing.

*Judgment affirmed.*